UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT H. MATHEIS,

                Plaintiff,

                                                **AMENDED**
v.                                          **DECISION AND ORDER**
                                                  02-CV-13S

DANIEL T. FRITTON and
COUNTY OF NIAGARA,

                Defendant.

---

## I. INTRODUCTION

Plaintiff Matheis's suit was removed to federal court on January 4, 2002. Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 for malicious prosecution (against Defendants Fritton and Niagara County) and for alleged violations of the 5th, 6th and 14th Amendments (against Fritton only). Defendants filed a motion for summary judgment, which Hon. John T. Elfvin denied on June 10, 2003. (Docket No. 22). Defendants then appealed the District Court's decision to the United States Court of Appeals for the Second Circuit, which dismissed in part, vacated in part, reversed in part, and remanded. See Matheis v. Fritton, 128 Fed.Appx. 787 (2d Cir. 2005) (summary order).

This case was reassigned to the undersigned on October 17, 2007, after Judge Elfvin elected to take inactive senior judge status. Presently before the Court is Plaintiff's

Motion to Amend the Complaint.[1] (Docket No. 27). This Court grants Plaintiff's motion for the reasons stated in the discussion that follows.

## II. BACKGROUND

Matheis is an auto mechanic. His place of business was burglarized on July 28, 1997. He filed an insurance claim in excess of $22,000 and received the insurance check in November 1997. Matheis then purchased replacement tools between April 18, 1998, and May 5, 1998. On July 29, 1998, Deputy Sheriff Fritton executed a search warrant and seized Matheis's tools–despite Matheis's proffer of receipts. Matheis further claims that he offered the receipts at his arraignment in Fritton's presence and that his criminal defense attorney, David Wendt, Esq., repeatedly offered the receipts to Fritton and the Niagara County District Attorney's Office.[2]

Fritton testified before a grand jury on November 12, 1998. Matheis claims that Fritton's grand jury testimony was knowingly false and misleading in that he testified that (1) he had recovered items from Matheis that were included in Matheis's insurance claim and (2) in response to a grand juror's question whether Matheis had "any receipts that he purchased this stuff within the last year," Fritton responded, "not that he's provided to me." Grand Jury Tr. at 37. Matheis was indicted for insurance fraud and possession of a gambling device. The insurance fraud charges were subsequently dismissed. Although

---

[1] Plaintiff filed an affirmation (Docket No. 27) in support of his motion. Defendant filed a memorandum of law in opposition to the motion. (Docket No. 28).

[2] Matheis previously sought additional discovery pursuant to FED. R. CIV. P. 56(f) to subpoena and depose Wendt, who was unwilling to voluntarily testify. Judge Elfvin denied this request for additional discovery on the ground that it is unnecessarily cumulative. (Docket No. 22).

Matheis pled guilty to possession of a gambling device, such plea was subsequently nullified on appeal when Matheis showed that the device he possessed–a pachinko machine–was not illegal.  (Plaintiff's Statement Under Local Rule 56, Docket No. 18).

Matheis raised § 1983 claims with respect to both his prosecution for possession of a gambling device and insurance fraud.  A plaintiff asserting a civil rights claim must allege infringement of a federal right.  Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 .

"Section 1983 'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L. Ed. 2d 114 (1994) (*quoting* Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S. Ct. 1865, 61 L. Ed.  2d 433 (1979)).  "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright, 510 U.S. at 271 (*citing* Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); and Baker, 443 U.S. at 140).

Defendant Fritton moved for and was denied summary judgment on the grounds of absolute and/or qualified immunity.  (Docket No. 22).  Fritton appealed those rulings,

among others.[3] (Docket No. 23).

The Second Circuit noted on appeal that in ruling on Fritton's immunity claims "the district court should have first determined whether Matheis had sufficiently alleged the violation of a clearly established constitutional right." Matheis, 128 Fed.Appx. at 790. After noting that the complaint was not clear as to whether Matheis had sufficiently alleged such a violation, the Second Circuit remanded with directions for this Court to follow a two-part inquiry. First, this Court is to consider whether Matheis sufficiently alleged the violation of a clearly established constitutional right. In the event this Court concludes that Matheis failed to do so, this Court is to then consider whether his complaint may be amended to correct this pleading deficiency. Id.[4]

### III. DISCUSSION

As directed by the Second Circuit, this Court first considers whether Matheis' original complaint sufficiently alleged the violation of a clearly established constitutional right. After careful review, this Court finds that, while Matheis' original complaint raises a malicious prosecution claim, it does not explicitly allege a violation of his Fourth Amendment rights. Thus, this Court now considers whether Matheis may amend his complaint.

Pursuant to FED. R. CIV. P. 15(a), leave to amend a complaint "shall be freely given

---

[3] Fritton's other grounds for relief and the related district court and Second Circuit rulings are not otherwise relevant to this Motion to Amend.

[4] In addition to these directions, the Second Circuit reversed insofar as the district court denied summary judgment with regard to the portion of Plaintiff's § 1983 claim predicated on prosecution for possession of a gambling device. The Second Circuit concluded that Fritton was entitled to qualified immunity as to the claim relating to prosecution for possession of a gambling device because of Plaintiff's failure to rebut the presumption of probable cause. 128 Fed.Appx. at 791.

when justice so requires." Leave to amend is usually given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). In addition, an amendment may be denied where it would be futile. Id.; Gupta v. Nat'l Life Ins., No. 04-CV-0252E, 2006 WL 2000118, at *1 (W.D.N.Y. 2006). The decision whether to grant such a motion is within this Court's discretion. John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir.1994).

Defendants argue that leave to amend should be denied because of undue delay, which they argue is evidenced by the five year separation between the filing of the original complaint and the filing of the motion to amend the complaint. However, delay alone generally does not warrant denial of leave to amend. Watkins v. City of Buffalo, No. 95-CV-0816, 1997 WL 411918 (W.D.N.Y. 1997) (*quoting* Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995)); *see also* Reubens v. New York City Dept. Of Juvenile Justice, 930 F. Supp. 887, 889 (S.D.N.Y. 1996) ("Unexplained undue delay is not a sufficient basis to deny a motion to amend . . .unless there is a showing that the defendant would be prejudiced by the amendment.").

This Court does not find the delay in this case to be "undue" because most of the delay cannot be fairly attributed to Plaintiff. Nearly two years passed between the time that Defendants filed their notice of appeal in July of 2003 (Docket No. 23) and the Second Circuit's opinion in May 2005. (Docket No. 26). In addition, the time between the Second Circuit's opinion and Plaintiff's Motion to Amend the Complaint cannot be considered undue delay on the part of Plaintiff because the Second Circuit opinion directed this Court

to consider the propriety of allowing an amended complaint *sua sponte* and thus, Plaintiff's Motion is superfluous.  Further, Defendants will not be prejudiced by the costs of added discovery because the additions to the complaint warrant no additional discovery.  *See* Reubens, 930 F. Supp. at 889 (granting plaintiff leave to amend because defendant would not be prejudiced by additional discovery).

Defendants next argue that Plaintiff should be denied leave to amend on futility grounds.  Futility is a valid reason for denying a motion to amend "where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims."  Pangburn v. Culbertson, 200 F.3d 65, 71 (2d Cir. 1999) (internal citations and quotations omitted).

To establish a Fourth Amendment malicious prosecution under § 1983, Plaintiff must show "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, . . . (4) that the prosecution was terminated in the plaintiff's favor[, and] (5) a sufficient post-arraignment liberty restraint, to implicate the plaintiff's Fourth Amendment rights."  Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (internal citations omitted).

Defendants argue that Plaintiff cannot show a post-arraignment liberty restraint because he was arrested for both insurance fraud and possession of a gambling device. Defendants base this argument on the Second Circuit's holding that Plaintiff failed to rebut the presumption of probable cause with regard to his prosecution for possession of a gambling device.  *See* Matheis, 128 Fed.Appx. at 791.  According to Defendant's argument, if Fritton had probable cause to prosecute Matheis on the possession of a gambling device charge, then Matheis cannot show a liberty restraint implicating the Fourth

Amendment because Matheis would have been detained anyway.

This Court disagrees. Whether Matheis would have been detained at all if the only charge was possession of a gambling device is highly questionable given that the device he possessed–a pachinko machine–was not, in fact, a gambling device. Furthermore, even assuming Matheis would have been detained on the gambling device charge, this Court will not presume that the time and scope of his detention would have been identical to his actual detention.

Defendants reliance on Coley v. Harmer, No. 00-CV-0373E, 2001 WL 209905 (W.D.N.Y. 2001) is also misplaced. In Coley, the plaintiff raised § 1983 claims with regards to her alleged arrest and detention for unauthorized use of a motor vehicle. However, after reviewing the records, the court determined that plaintiff had been detained pursuant to a warrant for different crimes. She was only later arraigned on the charge of unauthorized use of a motor vehicle. Because no part of her detention was based on the allegedly false charge of unauthorized use of motor vehicle, the court granted summary judgment in favor of the defendants.

In the present case, however, Plaintiff was clearly detained on the insurance fraud charge. Whether he would have been otherwise detained for the same period, or at all, is highly questionable. Thus, this Court cannot conclude that Plaintiff can prove no set of facts in support of his amended claim such as to make an amendment futile.

## IV. CONCLUSION

This Court was instructed by the Second Circuit to determine "whether Matheis has sufficiently alleged the violation of a clearly established constitutional right, and, if not, whether his complaint may be amended to correct this apparent deficiency in pleading."

<u>Matheis</u>, 128 Fed. Appx. at 790.  While this Court finds that plaintiff failed to clearly allege a Fourth Amendment violation in his Complaint, it also finds that he may amend his complaint to correct this deficiency.

## V. ORDER

IT HEREBY IS ORDERED, that Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 27) is GRANTED.

FURTHER, that Plaintiff shall file and serve the Amended Complaint, as proposed in his moving papers by January 11, 2008, and Defendants shall have twenty (20) days from the filing to answer or otherwise move against the Amended Complaint.

SO ORDERED.


Dated:   December 5, 2007
          Nunc pro tunc to November 26, 2007
         Buffalo, New York

                                                  <u>/s/William M. Skretny</u>
                                                   WILLIAM M. SKRETNY
                                     United States District Judge